IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>LAVAL JOHN BIGLEGGINS,<br><br>                Defendant. | CR-22-30-GF-BMM<br><br>ORDER |

Defendant Laval John Bigleggins ("Bigleggins") has moved the Court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 40); *see* (Doc. 48). The Court appointed counsel to assist Bigleggins in this matter on January 25, 2024. *See* (Doc. 43); (Doc. 41). Bigleggins, through counsel, avers that he filed a request with the warden of his facility over thirty days ago. (Doc. 48 at 3.) The United States does not contest Bigleggins's averment. *See generally* (Doc. 49.) Bigleggins's averment satisfies the requirements of 18 U.S.C. § 3582(c)(1)(A). Bigleggins has served approximately 24 months of his sentence. *See* (Doc. 50.) Bigleggins's current expected release date is March 28, 2025. (*Id.*) Bigleggins seeks a reduction of his sentence by six months to hasten his ability to enter a residential re-entry center. (Doc. 48 at 3.) The Government opposes Bigleggins's motion. (Doc. 49.) The Court

now will deny Bigleggins's Motion for Compassionate Release.

The Court may, after considering the sentencing factors in 18 U.S.C. § 3553(a), reduce a sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13(a)(1)(A). An "extraordinary and compelling reason" justifying release may exist, among other circumstances, where:

- "[t]he defendant is suffering from a serious physical or medical condition, [. . .] that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," U.S.S.G. § 1B1.13(b)(1)(B)(i),

- "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death," U.S.S.G. § 1B1.13(b)(1)(C),

- "[t]he defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of [. . .] physical abuse resulting in "serious bodily injury," [. . .] that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the

defendant," U.S.S.G. § 1B1.13(b)(4), or

- "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in [U.S.S.G. § 1B1.13(b)(1) through (4)], are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).

"[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of [the U.S.S.G.] policy statement." U.S.S.G. § 1B1.13(b)(5).

Bigleggins seeks release because he experiences "constant pain and decreased mobility" due to a leg injury he sustained during the commission of the underlying offence in this matter. (Doc. 48 at 7, 2.) Bigleggins argues that his leg injury will not improve and that the leg injury increases his vulnerability to inmate-on-inmate assaults. (Doc. 48 at 7.) He points to assaults on his person both in FCI Sheridan and FCI Mendota. (*Id.*) Bigleggins also asserts that the Bureau of Prison's response to his victimization of placing him in the facility's Special Housing Unit exacerbates his severe anxiety and depression. (Doc. 48 at 8.)

Bigleggins's painful leg injury preexisted his current term of incarceration. (Doc. 39.) Indeed, Bigleggins caused his leg injury by the same offense conduct that resulted in the death of his victim. (*Id.*) The Court considered Bigleggins's leg pain

3

when determining the appropriate sentence. (*Id.*)

Bigleggins fails to show that he suffers from a physical or medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *See* U.S.S.G. § 1B1.13(b)(1)(B)(i). Bigleggins remains capable of providing self-care. Bigleggins remains able to walk with the assistance of a cane. (Doc. 48 at 3.) He also has been able to pursue programming when not placed in the Special Housing Unit. (*Id.* at 2, 8.)

Bigleggins fails to show that he is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which he is at risk of serious deterioration in health or death. U.S.S.G. § 1B1.13(b)(1)(C). Bureau of Prisons records indicate that Bigleggins has received treatment related to his leg injury, including x-ray imaging analysis that concluded that his tibia shaft fracture had healed. *See* (Doc. 51.) Records also indicate that Bigleggins continues to receive medication for his mental health conditions. *See* (*Id.*) Bigleggins concedes that he can walk with the assistance of a cane, (Doc. 48 at 3), and records indicate that Bigleggins has presented with a normal gait, *see* (Doc. 51). Bigleggins provides no evidence suggesting the presence of a risk of serious deterioration of his leg injury or health in general.

Bigleggins fails to present facts suggesting that his victimization by other

inmates meets the requirements of U.S.S.G. § 1B1.13(b)(4), which applies to victims of abuse "committed *by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over*" a victim. (Emphasis added.) The Court condemns any abuse of inmates at the hands of other inmates and hopes that the Bureau of Prisons addresses such violence in such a way that limits negative consequences for victims. That Bigleggins's leg injury may make him an easier target of unacceptable violence does not, though, warrant a reduction of Bigleggins's sentence at this time.

The Court notes the seriousness of Bigleggins's offense. Bigleggins drove under the influence of alcohol and methamphetamine. (Doc. 39.) He had one passenger, who earlier that day had bailed Bigleggins out for a Driving Under the Influence offense. (*Id.*) She died when Bigleggins crashed into a ditch at a high rate of speed. (*Id.*) The Court also determines that the time Bigleggins already has served does not satisfy the sentencing goals of just punishment, deterrence, and promoting respect for the law. *See* 18 U.S.C. 3353(a); *see also* (Docs. 52, 53, and 54). Bigleggins has served less than three-quarters of his 36-month custodial sentence. *See* (Doc. 50.) The sentencing factors weigh against modifying Bigleggins's sentence for these reasons.

Bigleggins has failed to demonstrate extraordinary and compelling reasons to reduce his sentence. The approximately twenty-four months that he has served,

5

notwithstanding his condition, do not satisfy the federal sentencing goals described in 18 U.S.C. § 3553(a). The Court declines to grant Bigleggins's motion.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that

Bigleggins's Motion for Compassionate Release (Doc. 40) is **DENIED**.

**DATED** this 23rd day of July, 2024.

_____
Brian Morris, Chief District Judge
United States District Court