IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAVAL JOHN BIGLEGGINS,<br><br>Defendant. | CR 22-30-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Laval John Bigleggins (Bigleggins) has been accused of violating the conditions of his supervised release. (Docs. 57 and 61). Bigleggins admitted the alleged violations. Bigleggins' supervised release should be revoked. Bigleggins should be sentenced to Time Served, with 24 months of supervised release to follow.

## II. Status

On August 25, 2022, Bigleggins pleaded guilty to the offense of Involuntary Manslaughter, in violation of 18 U.S.C. §§ 1112 and 1153(a) as charged in Count 1 of the Indictment. (Doc. 29). Bigleggins was sentenced to 36 months of custody,

followed by 3 years of supervised release. (Doc. 37). Bigleggins' current term of supervised release began on April 25, 2025.

**Petition**

On January 29, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Bigleggins' supervised release. (Doc. 57). The Petition alleged Bigleggins violated the conditions of his supervised release by: (1) failing to follow the January 13, 2026, instruction of his probation officer not to have contact with Kimmy Home Gun, a known drug user, by having contact with her on January 24, 2026; (2) failing to participate in out-patient mental health treatment on January 22, 2026; (3) committing another federal, state or local crime by being arrested on January 24, 2026, by the Great Falls Police Department and charged with the felony offense of False Reports to Law Enforcement Authorities, in violation of Mont. Code Ann. § 45-7-205(1) and with the misdemeanor offense of Family Member or Partner Assault, in violation of Mont. Code Ann. § 45-5-206(1); (4) consuming alcohol on January 24, 2026.

**Amended Petition**

On October 26, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Bigleggins' supervised release. (Doc. 61). The Amended Petition updated allegation (3) advising that on October 21, 2026, Bigleggins was sentenced by the Cascade County District Court to the Montana

Department of Corrections for a term of three years based upon his plea of guilty to the offenses noted in the initial Petition.

**Initial Appearance**

Bigleggins appeared before the Court on October 27, 2026. Bigleggins was represented by counsel. Bigleggins stated that he had read the Amended Petition and that he understood the allegations against him. Bigleggins waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

Bigleggins appeared before the Court on October 27, 2026. Bigleggins admitted that he had violated the conditions of supervised release as set forth in the Amended Petition. Bigleggins' admitted violations, 1-4, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Bigleggins appeared before the Court on October 27, 2026. Bigleggins' violations are Grade B. His criminal history category is II. Bigleggins' underlying offense is a Class D felony. Bigleggins could be incarcerated for up to 24 months. Bigleggins could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Bigleggins' supervised release should be revoked. Bigleggins should be sentenced to Time Served, with 24 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Bigleggins that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Bigleggins of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Bigleggins that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Bigleggins waived his right to appeal and allocute before Judge Morris.

The Court **FINDS**:

That LAVAL JOHN BIGLEGGINS has violated the conditions of his supervised release by: (1) failing to follow the January 13, 2026, instruction of his probation officer not to have contact with Kimmy Home Gun, a known drug user, by having contact with her on January 24, 2026; (2) failing to participate in out-patient mental health treatment on January 22, 2026; (3) being convicted of the felony offense of False

Reports to Law Enforcement Authorities, in violation of Mont. Code Ann. § 45-7-205(1) and the misdemeanor offense of Family Member or Partner Assault, in violation of Mont. Code Ann. § 45-5-206(1) committed on January 24, 2026, in Great Falls, Montana; and (4) consuming alcohol on January 24, 2026.

The Court **RECOMMENDS**:

That the District Court revoke Bigleggins' supervised release and sentence Bigleggins to Time Served, with 24 months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 28th day of October 2026.

John Johnston
United States Magistrate Judge